[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Facts
The plaintiff, Pauline Hamblett, filed a two-count complaint on February 18, 1998, against the defendants, Paul Chagnon, Jack Chagnon and Lorraine Chagnon. The complaint arises out of a motor vehicle accident between the plaintiff and defendant Paul Chagnon. The first count alleges negligence and recklessness on CT Page 3723 the part of the defendant, Paul Chagnon, the alleged driver of the vehicle. The first count also asserts negligence on the part of the defendants, Jack and Lorraine Chagnon, who allegedly own and improperly maintained the vehicle. The second count alleges statutory negligence on the part of all defendants, and reasserts recklessness on the part of defendant Paul Chagnon. The plaintiff seeks double or treble damages for all counts under General Statutes § 14-295.
On March 2, 1998, the defendants filed a motion to strike both counts of the complaint and the corresponding prayer for relief under § 14-295. The plaintiff filed her memorandum in opposition to the defendants motion on March 20, 1998. The court heard oral argument at short calendar on January 4, 1999.
 Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998). "Practice Book § 152, now Practice Book (1998 Rev.) § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998).
As grounds for their motion to strike, the defendants assert that: (1) the first and second counts fail to set forth a legally sufficient cause of action for recklessness and for relief pursuant to § 14-295; and (2) the second count is merely duplicative of the first count.
The defendants first argue that the plaintiff, in support of her recklessness claims in counts one and two, and corresponding prayer for relief under § 14-295, merely inserts the words "reckless" or "reckless disregard" into her negligence claims. Acknowledging a split of authority, the defendants argue that this court should subscribe to the view which requires plaintiff's to plead specific facts supporting a common-law CT Page 3724 recklessness claim.
There is a split of authority regarding the pleading requirements of § 14-295.[1] Some courts hold that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but must also plead specific facts supporting a cause of action in recklessness at common law. See, e.g., Bravov. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.); Murray v. Krupa,
Superior Court, judicial district of New London at Norwich, Docket No. 107233 (October 2, 1995, Teller, J.); Pitka v.Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.) (13 Conn. L. Rptr. 32). Other courts hold that the plaintiff need only allege that the defendant deliberately or with reckless disregard violated one of the statutes enumerated in § 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries. See, e.g., Nowitz v. JBH Transport Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); St. George v.Connecticut Car Rental, Superior Court, judicial district of Hartford, Docket No. 554923 (February 27, 1996, Spada, J.);Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) (10 Conn. L. Rptr. 48).
This court adopts the reasoning of the second line of cases which require only that a plaintiff allege a statutory violation enumerated in § 14-295, and that the violation was a substantial factor in causing the plaintiff's injuries. AccordRedman v. Rosa, Superior Court, judicial district of Hartford, Docket No. 579596 (October 29, 1998, Peck, J.) (4 Conn. Ops. 1383); Diaz v. Diaz, Superior Court, judicial district of New London, Docket No. 542469 (February 3, 1998, Martin, J.); Pricev. Paccar Leasing Corp., Superior Court, judicial district of New London, Docket No. 538888 (February 19, 1997, Booth, J.); Smithv. Mitsubishi Motors, Superior Court, judicial district of New London, Docket No. 535161 (Jan. 17, 1996, Hurley, J.).
The plaintiff's in the present case make the following pertinent allegations regarding their claim for recklessness and relief under § 14-295. In paragraph thirteen of both counts, the plaintiff alleges that "[t]he defendant Paul Chagnon, with reckless disregard for the safety of Mrs. Hamblett and others . . . operated his vehicle in violation of Sections CT Page 372514-218a, and/or 14-219, Section 14-230, and Section 14-222 . . . being a substantial factor in causing the injuries set forth above." Accordingly, this court finds that the plaintiff sufficiently meets the pleading requirements in both counts for claims for recklessness and relief under § 14-295.
Finally, the defendant argues that it is improper for the plaintiff to join negligence and recklessness claims into one count and the defendant argues that the second count does not state a new or different cause of action, but rather is repetitious of the first count.
"Whenever any party desires to obtain . . . the deletion of any . . . repetitious . . . allegations in an adverse party's pleading, or . . . separation of causes of action which may be united in one complaint when they are improperly combined in one count, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book § 10-35. "Although a party cannot state the same cause of action twice against the same defendants in the same complaint . . . a motion to strike . . . is not the proper vehicle for the deletion of repetitious pleadings. . . . Rather, a request to revise is the proper vehicle for the deletion of repetitious pleadings." (Citations omitted; internal quotation marks omitted.) A.C. Nielsen Co. v. Wang Laboratories,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 312400 (February 6, 1995, Maiocco, J.).
Pursuant to Practice Book § 10-35, the proper vehicle by which the defendants may delete repetitious allegations, or bifurcate causes of action which are improperly combined in one count, is a request to revise. Accordingly, the court denies the defendants motion to strike on these grounds.
 Conclusion
This court finds that the first and second counts of the complaint and the corresponding prayer for relief under §14-295 are legally sufficient to withstand the defendants' motion to strike. In addition, the defendants remaining arguments concerning repetitious allegations and improper joinder of causes of action are not properly addressed by a motion to strike.
The defendants motion to strike is denied. CT Page 3726
Mihalakos, J.